WILLIAM COOKE, Adm'r *de bonis non* with the will annexed of Arnold Bucklin, *vs.* WILLIAM D. BUCKLIN.

A devise to one and his heirs, and in case he shall die without issue then to another, gives an estate tail to the first devisee, the words importing a gift over upon the indefinite failure of issue.

In a bequest of personalty, such language vests the property absolutely in the first legatee, the limitation over being void.

A testator gave and devised to his wife M. all of his property, "to her and her heirs forever, but should my said wife decease without issue, then my will is that all my said estate shall go to the legal heirs of my father, the late D. B., deceased."

The estate consisted wholly of personalty. M. died without issue.

*Held*, that the testator's wife M. took the property bequeathed as the absolute owner thereof, and that upon her decease it went to her personal representative.

BILL IN EQUITY for instructions.

The second clause of the will of Arnold Bucklin, which was admitted to probate by the Court of Probate of the City of Pawtucket, November 16, 1889, is as follows :—

"I give and devise to my wife, Margaret Malvina Bucklin, all of my property, both real, personal or mixed, of which I may be possessed at the time of my decease, to her and her heirs forever, but should my said wife decease without issue then my will is that all my said estate shall go to the legal heirs of my father, the late Dexter Bucklin, deceased."

Margaret Malvina Bucklin, wife of the testator, died without issue in January, 1892.

*July* 23, 1894. PER CURIAM. As is fully shown in *Burrough* v. *Foster*, 6 R. I. 534, followed by *Arnold* v. *Brown*, 7 R. I. 188, and *Whitford* v. *Armstrong*, 9 R. I. 394, and recently in *DeWolf* v. *Middleton, infra*, a devise to one and his heirs, and, in case he shall die without issue, then to another, by itself gives, in accordance with settled rules of construction, an estate in tail to the first devisee, the words importing a gift over upon the indefinite failure of issue.

It is also well settled that such language in a bequest of personal estate will vest the property absolutely in the first legatee unless controlled by some expression in the will

which indicates that a definite failure of issue was intended by the testator.

We do not find in this will anything to indicate that the words were used in a different sense from the one this court has uniformly given them. The expressions or circumstances in the cases cited to us which have led the courts to abandon the general rule in favor of a presumed intention, are not here. It is a simple case of the use of a form of language which has a definite legal meaning and which must be presumed to have been intelligently used.

As the estate consisted entirely of personal property it seems only necessary to say in answer to the questions of the bill:

1—That the will of said Arnold Bucklin gave to the said Margaret Malvina Bucklin the absolute ownership of the property of which he died possessed, subject to the payment of his debts, funeral expenses, and the expenses of settling his estate.

2—This ownership was not defeated or divested by her death without issue, the limitation over being void.

3—That her said ownership descended to her personal representatives, subject first to the payment of her debts, and then to distribution among her next of kin according to the statute of distributions.

*Robert W. Burbank*, for complainant.

*Richard B. Comstock, Rathbone Gardner & Stephen O. Edwards*, for different respondents.